**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**EVANSVILLE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| Plaintiff,   ) | |
| ) | 3:18-cr-00011-RLY-CMM-1 |
| vs.   ) | |
| ) | |
| RYAN ALLEN ARNOLD,   ) | |
| Defendant   ) | |

**REPORT AND RECOMMENDATION**

On September 18, 2023, the Court held a final hearing on the Petition for Warrant/Violation for Offender Under Supervision filed on August 10, 2023 [Dkt. 42] and Supplement Petition filed on August 16, 2023 [Dkt. 46]. RYAN ALLEN ARNOLD ("Defendant") appeared with FCD counsel, Dominic Martin. The Government appeared by Todd Shellenbarger, Assistant United States Attorney. U. S. Probation appeared by Officer Andrea Hillgoth.

The Court previously conducted an initial appearance on August 25, 2023, Docket No. [51], on the Petition filed August 10, 2023, and the Supplement Petition filed August 16, 2023.

The parties advised the Court at the outset of the hearing that a proposed agreement was reached by which the defendant would admit Violation Numbers 1 through 4 of petition Docket No. [42] and Violation Number 5 of the Supplemental Petition Docket No. [46] would be withdrawn. The parties also concurred that the Defendant should be sentenced to a term of imprisonment within the statutory

sentencing guidelines based on criminal history and severity of the supervised release violations, i.e., 12 to 18 months.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. §3583:

1. The Court previously had advised Defendant of his rights and provided him with a copy of the petition during the August 25, 2023, appearance.

2. The defendant was advised on August 25, 2023, and today, that this matter had been referred by the District Judge and that the District Judge has final authority whether to accept, reject, or modify the recommendation.

3. After being placed under oath, Defendant advised that he consented to the proposed agreement, had sufficient opportunity to consult with counsel, and was satisfied with his representation. Defendant admitted Violations No. 1 – 4.

3. The allegations to which Defendant admitted, as fully set forth in the petition, are:

| VIOLATION NUMBER | NATURE OF NONCOMPLIANCE |
|---|---|
| 1. | "You must not unlawfully possess a controlled substance. You must refrain from any unlawful use of a controlled substance." |
| | As previously reported to the court, Ryan Arnold tested positive for amphetamines on April 21, May 19, June 28, and July 3, 2023. On June 28, 2023, he also tested positive for cannabinoids and admitted to using marijuana sporadically from April until July 7, 2023. |
| 2. | "You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment… You shall not attempt to obstruct or tamper with the testing methods." |
| | Ryan Arnold failed to appear for substance abuse testing on May 25, June 29, and July 9, |

2

    3.    "You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege."

On April 4, 2023, Ryan Arnold reported he found a new, higher paying job, and was switching employment. He claimed to be using up his paid time off and would leave his current employment on good terms. On April 20, 2023, he admitted he was actually terminated, but claimed it was due to violation of the attendance policy. On August 2, 2023, the probation office discovered Mr. Arnold was terminated from his past employment on March 27, 2023, for violation of their drug and alcohol policy.

    4.    "You shall participate in a substance abuse treatment program approved by the probation office and abide by the rules and regulations of that program…"

On July 19, 2023, Ryan Arnold began residential treatment. His treatment was scheduled to conclude on August 10, 2023; however, on August 1, 2023, Mr. Arnold self-discharged from the facility against staff recommendation or his probation officers consent. He also failed to notify his probation officer or follow up with outpatient treatment.

4. The parties stipulated that:

    (a) The highest grade of violation is a Grade **B** violation.

    (b) Defendant's criminal history category is **IV**.

    (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is **12-18** months imprisonment.

5. The Magistrate Judge, having considered the factors in 18 U.S.C. §3553(a), and as more fully set forth on the record, finds that:

(a) The Defendant violated the supervised release condition as alleged in Violations 1 - 4;

(b) The Magistrate Judge recommends that the defendant be sentenced to the custody of the U.S. Bureau of Prisons for a period of 15 months, and further recommends placement at FCI Terre Haute (per Defendant's request) as well as

evaluation and treatment for substance abuse. Supervised release should be ordered terminated.

    (c)    That the agreement of the parties is an appropriate resolution of this matter and the agreement is commended to the favorable consideration of the District Judge with the Magistrate Judge's recommendation for sentencing.

Defendant shall remain in custody pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties waived the 14-day objection period to file objections to this report and recommendation.

Dated: September 18, 2023

                                               CRAIG M. McKEE, Magistrate Judge
                                               United States District Court
                                               Southern District of Indiana

Distribution:
All ECF-registered counsel of record via email generated by the court's ECF system